**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>   Plaintiff,<br><br>v.<br><br>**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBE VIA BINANCE ACCOUNT BEARING USER ID #111070305,**<br><br>**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #68407402,**<br><br>**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #152160928,**<br>   **Defendants.** | Case No. 6:23-cv-710-WWB-EJK<br><br><br><br>**JURY TRIAL DEMANDED** |

**CLAIMANT CHUNLI TSAO'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Chunli Tsao ("Claimant") by and through the undersigned counsel, answers the United States of America ("Plaintiff's"), Amended Verified Complaint for Forfeiture in Rem ("Compliant") [DE #11], filed on April 27, 2023, as follows:

1. Without Knowledge.

2. Without Knowledge.

3. Without Knowledge.

4. Without Knowledge.

5. Without Knowledge.

6. Without Knowledge.

7. Without Knowledge.

8. Without Knowledge.

9. Without Knowledge.

10. Without Knowledge.

11. Without Knowledge.

12. Without Knowledge.

13. Without Knowledge.

14. Without Knowledge.

15. Without Knowledge.

16. Without Knowledge.

17. Without Knowledge.

18. Without Knowledge.

19. Without Knowledge.

20. Without Knowledge.

21. Without Knowledge.

22. Without Knowledge.

23. Without Knowledge.

24. Without Knowledge.

25. Without Knowledge.

26. Without Knowledge.

27. Without Knowledge.

28. Without Knowledge.

29. Without Knowledge.

30. Without Knowledge.

31. Without Knowledge.

32. Without Knowledge.

33. Without Knowledge.

34. Without Knowledge.

35. Without Knowledge.

36. Without Knowledge.

37. Without Knowledge.

38. Without Knowledge.

39. Without Knowledge.

40. Without Knowledge.

41. Without Knowledge.

42. Without Knowledge.

43. Without Knowledge.

44. Without Knowledge.

45. Without Knowledge.

46. Without Knowledge.

47. Without Knowledge.

48. Without Knowledge.

49. Without Knowledge.

50. Without Knowledge.

## Affirmative Defenses

## Affirmative Defenses Allegations

Currently, Claimant cannot access her Binance account, preventing her from obtaining relevant evidence required to frame more specific affirmative defenses. Claimant reserves her right to amend these defenses after discovery provides the account ledger. Generally, the funds located in Defendant Account C, as described in the Complaint, are the result of either legitimate deposits by Claimant, investments and profits from speculation in crytocurrency, and/or payments for legitimate invoices for beauty services and products rendered to customers.

      Plaintiff speculatively pleads all improper activity or association of the seized property with illegality.

   .

The relevant pleadings are as follows:

"Specifically, three transactions from Victim 1's Kraken account, occurring on January 18, 2022, January 19, 2022, and February 7, 2022, can be linked to funds presently in Defendant Account C. The illustration below demonstrates the movement of funds from Victim 1's Kraken account to Defendant Account C. Each block of text along the arrows depicted below indicates a deposit into an address, whereas the arrows represent "hops" between addresses. "Hops" are transfers from one USDT address to another. The diagram below shows the transactions involving Victim ETH and USDT funds ending up at Defendant Account C after being comingled with other USDT while traversing over ten additional transactions on the blockchain." *See* Complaint, [DE #11, ¶46].

"Between on or about May 11, 2021 and on or about June 13, 2022, Defendant Account C received 52 deposits, with an approximate value of $6,310,441.00. Included in these 52 deposits are three deposits totaling 310.52 ETH (approximately $970,748 at the time of the deposits) from Victim 1's Kraken account. All three of these ETH transactions are directly traceable to Victim 1's purchases from her Kraken account." *See* Complaint, [DE #11, ¶47].

"In addition, a forensic financial analysis of Defendant Account C discovered that the transaction history of this account exhibited common characteristics of money laundering. Specifically, Defendant Account C exhibited a large amount of passthrough activity. From March 20, 2022 until present, 44% of the funds withdrawn from Defendant Account C exhibited passthrough activity. Specifically, 44% of the funds withdrawn from Defendant Account C were moved through numerous addresses, some on the same date minutes apart, prior to them being sent to the final destination. In addition, Defendant Account C transacted with Defendant Account B numerous times from March 20, 2022, and June 13, 2022 by sending a total of 129,378 USDT. This relationship between Defendant Accounts B and C shows a likely affiliation between accounts and a greater probability that all the Defendant Accounts in this affidavit are involved in a large scale, organized crime scheme involving millions of dollars of laundered victim funds." *See* Complaint, [DE #11, ¶48].

These allegations are altogether conclusory, using the labels of "hops," "common characteristics of money laundering," and "passthrough activity" as quasi legal/financial conclusions without factual support. Plaintiff fails to attach the forensic financial analysis that supports these conclusions. Assuming Plaintiff's allegations are true would require a far ranging conspiracy in which each "hop" is a member of a large money laundering enterprise, which is a possible, but not plausible allegation in the context of crytocurrency markets.

In these markets, coins are traded in an open network such that all previous activity is integrated into the coin and can be traced, unlike physical dollar currency that is often untraceable, or electronic funds which becomes untraceable once sufficiently comingled. For example, if users participating in fraud sell crytocurrency to a marketplace, such as Binance, and new users purchase these funds previously sold to Binance, then the transaction will have the exact same appearance described as "money laundering" activity in the Complaint because on of the "hops" will be the Binance address used to facilitate the transaction. Therefore, the Complaint needs to allege under oath that neither of the crytocurrency addresses utilized in the chain of transactions is associated with a crytocurrency marketplace, because the high likelihood of that association existing in normal transactions would render the Complaint nothing more then mere speculation of what is possible, but not plausible as is required.

When a purchaser of goods or services through crytocurrency frequents a small number of merchants with crytocurrency purchases, and that purchaser participates in illegal activities, then the transaction between the customer and merchant would appear to be money laundering because the parties' addresses will ultimately be correlated. In this circumstance the merchant has no involvement and the correlation is merely the coincidence that the fraudulent customer often purchases from the innocent merchant. Given that the Claimant sells beauty supplies, it is likely that the numerous transactions between Defendant Accounts B and C are nothing more then Defendant Accounts B frequenting Claimant's beauty services, either for themselves or for persons associated with Defendant Accounts B. Quite simply, there is a coordination between a criminal and the local supermarket where the criminal purchases food, but that correlation means nothing and alleging it is nothing more then speculation which fails to state a cause of action.

Whatever wrongdoing the Plaintiff alleges, if it exists, would have occurred by third party actors and Claimant has neither knowledge nor involvement with these activities. These activities, if they actually occurred, would consequentially be the actions of third parties who then purchased services and goods from Claimant, or otherwise were part of the chain of crytocurrency transactions before the funds were lawful acquired by Claimant from bona fide transactions for value. Claimant is a bone fide owner of all funds

contained with Defendant Account C, with each transaction being exchanged for value such that any title that the government or its purported victim seeks to asserts is a lesser and inferior to the interest of Claimant.

### **Affirmative Defense One**

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Under Rule 12(b)(6), Fed. R. Civ. P., the Complaint fails to state a cause of action upon which relief can be granted.

> "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, (2009) (*internal citations omitted*)

Although the claims asserted in the Complaint facially appear to be in depth factual allegations and not the mere pleading of legal conclusions, the in depth factual allegations are not related to Defendant Account C or any potential factual allegations that could support an in rem asset forfeiture against Claimant or the seized property. Plaintiff fails to attach the forensic report that could assert plausibly why the transaction history demonstrates money laundering. Plaintiff asserts quasi legal/factual conclusions without any factual allegations, and

Plaintiff fails to allege the necessary context to demonstrate why these legal/factual conclusions are more than possible. Under *Iqbal,* Plaintiff fails to state a cause of action because the inferences that are required for Plaintiff to state a cause of action are mere possibilities when considering the general context of crytocurrency transactions. Furthermore, because Claimant is a merchant the alleged association with Defendant Account B is mere speculation and not a plausible allegation of conspiracy or "likely affiliation."

### Affirmative Defense Two

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Claimant acquired all funds in Defendant Account C in good faith and as the result of bone fide transactions for value in which Claimant traded good and reasonable consideration for the crytocurrency. Claimant acted with out knowledge of any impropriety alleged in the Complaint, and any miss-actions by Claimant are the result of and accident, mistake, and were not grossly negligent.

### Affirmative Defense Three

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Plaintiff claims are barred under Civil Asset Forfeiture Recovery Act, 18 U.S.C. § 921, et seq.

### Affirmative Defense Four

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Under 18 U.S.C. §983(d), Claimant is an innocent owner.

## Affirmative Defense Five

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Under 18 U.S.C. §983(d), Claimant is an innocent owner. Under 18 U.S.C. §983(g), the forfeiture sought is grossly disproportional to Claimant's conduct and/or lack of illegal conduct. The forfeiture sought in the Complaint violates the Eighth Amendment's Excessive Fines Clause.

## Affirmative Defense Seven

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Under Rule 12(b)(7), Fed. R. Civ. P., Plaintiff has failed to join all necessary and indispensible parties, primarily the account owner's for each hop alleged. Each owner is a co-conspirator under the theory espoused by Plaintiff. And their joinder is necessary under the Federal Rules of Civil Procedure.

## Affirmative Defense Eight

Complainant re-alleges the Affirmative Defense Allegations above as if pled herein. Under Rule 21, Fed. R. Civ. P., Plaintiff has improperly joined the other two Defendants to this claim without any factual allegations of conspiracy or connectedness to Claimant. This prejudices Claimant because those claimant/defendants actions or inactions may be improperly imputed to her.

## DEMAND FOR JURY TRIAL

Claimant demands a trial by Jury on all issues so triable.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment in favor of Claimant, returning all rights of ownership to Claimant of

### CERTIFICATE OF SERVICE

It is hereby certified that on July 12, 2023, I filed this pleading with the Clerk of Court by utilizing the CM/ECF system that will serve this pleading on all parties of record via electronic filing.

By: /s/    Benjamin Weissman

        Benjamin Weissman, Esq., FBN: 120770
        DAVID CHICO LAW GROUP
        607 Celebration Avenue
        Celebration, Florida 34747
        T: 407-933-7703
        F: 407-933-7713
        For eService: serve@davidchicolaw.com
        **Trial Counsel for Claimant**