UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                              Case No. 6:23-cv-710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #152160928,**

    **Defendants.**

## UNITED STATES' UNOPPOSED MOTION FOR CASE MANAGEMENT AND SCHEDULING ORDER

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, hereby requests the Court to enter a case management and scheduling order in lieu of the presently ordered briefing schedule (Doc. 32). In support, the United States represents to the Court the following:

    1.    On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture In Rem. (Doc. 11). This case is a civil action *in rem* to forfeit to the United

States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, any funds in all form, previously stored in or accessible via three individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2. On June 16, 2023, and July 6, 2023, respectively, Claimant Shijie Song filed a claim (Doc. 13), and answer (Doc. 25) with respect to defendant funds previously stored in Account #111070305.

3. On June 22, 2023, and July 12, 2023, respectively, Claimant Chunli Tsao filed a claim (Doc. 21), and answer (Doc. 27), with respect to defendant funds previously stored in Account #152160928.

4. On January 12, 2024, this Court ordered the parties to file opening and responsive briefs by February 12, 2024 and March 12, 2024, respectively.

## MEMORANDUM OF LAW

District courts have "unquestionable" authority to control their own dockets. *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). This authority includes "broad discretion in deciding how best to manage the cases before them." *Id.* at 1262 quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997).

Federal Rule of Civil Procedure 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." As the Eleventh Circuit

2

has explained, it is "well-settled law" that Rule 16(b)'s "good cause standard" focuses on whether the schedule "cannot be met despite the diligence of the party seeking the extension." *Jasper Wood Prod., LLC v. Jordan Scrap Metal, Inc.*, No. CIV.A. 13-0407-WS-C, 2014 WL 3720530, at *3 (S.D. Ala. July 25, 2014) (*quoting Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

The parties have been actively conferring and engaging in the informal exchange of information in an attempt to resolve the case through settlement negotiations. This has included the informal exchange of documents pertaining to the tracing of the cryptocurrency that was seized from Claimants' accounts.

Notably, both Claimants have requested from the Government the relevant Binance records and cryptocurrency tracing reports in order to be able to fully articulate the sources of the funds in the accounts. The Government has obtained the requested documentation and has provided such to Claimant Tsao, and will be providing the relevant material to Claimant Song this week. All parties expect to continue in this posture in order to fully explore the validity of the claims and come to a mutually agreed upon resolution. Despite these efforts, the parties are not yet prepared to present opening briefs as additional discovery is needed to determine whether there may be disputes of fact that require a trial in these matters.

While counsel remains optimistic that a resolution can be reached, the United States requests that the Court enter a scheduling order (despite being exempt from the mandatory case management report outlined in Local Rule 3.02(d)) to set the parties on a discovery schedule and place this case on a definitive trial term.

Undersigned counsel has conferred with counsel for the claimants, who do not oppose the entry of the following scheduling deadlines:[1]

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | N/A |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/1/2024 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). <br> Plaintiff | 9/2/2024 |
| Defendant | 9/2/2024 |
| Rebuttal | 9/30/2024 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 11/4/2024 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 12/2/2024 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br> Enter mediator's name, address, and phone number. | N/A |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 4/7/2025 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 4/14/2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/19/2025 |

---

[1] Counsel for Claimant Song has indicated that they may file a request for an earlier trial date.

4

| Month and year of the trial term. | 6/1/2025 |
|---|---|

This schedule will allow the parties to engage in the formal discovery necessary to evaluate this matter and identify the factual issues that may needed to be decided at trial, should settlement negotiations fail. The current briefing schedule cannot be met despite the diligence of the parties, and therefore the United States requests a case management scheduling order to govern this matter going forward.

## CONCLUSION

WHEREFORE, based upon the agreement of the parties, the United States respectfully requests that the Court enter a Case Management and Scheduling Order in lieu of the present briefing schedule.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), the undersigned conferred with counsel for Claimants Song and Tsao, and they do not oppose the relief requested in this motion.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/Jennifer M. Harrington*
      JENNIFER M. HARRINGTON
      Assistant United States Attorney
      Florida Bar Number 0117748
      400 West Washington Street, Ste. 3100
      Orlando, Florida 32801
      (407) 648-7500 – telephone
      (407) 648-7643 – facsimile
      E-mail: jennifer.harrington2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on February 9, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Benjamin Weissman, Esq.
Counsel for Claimant Tsao

Sheng Jin, Esq.
David King, Esq.
Gregory Albright, Esq.
Counsel for Claimant Song

                                          *s/Jennifer M. Harrington*
                                          JENNIFER M. HARRINGTON
                                          Assistant United States Attorney