UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                      Case No. 6:23-cv-710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #152160928,**

    **Defendants.**

## UNITED STATES' MOTION FOR JUDGMENT OF FORFEITURE

The United States of America moves the Court pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for a Judgment of Forfeiture for the following :

> **All funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #68407402, herein referred to as "Defendant Account B."** [1]

---

[1] At this time, the United States is only seeking a judgment of forfeiture for Defendant

The United States has properly served notice on the only known interested person. No claim or answer has been filed or made in this action, no one has appeared to contest the action, and the requisite time periods in which to do so, as set forth in 18 U.S.C. § 983(a)(4)(A) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims, have expired. In support of this motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.  Statement of Facts**

1. On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture In Rem. Doc. 11. This case is a civil action *in rem* to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, any funds in all form, previously stored in or accessible via three individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

**II.  Potential Interest in the Asset Sought for Forfeiture**

2. In compliance with Rule G(4), the United States provided proper notice of this action to all known and unknown parties.

    **A.  Known Party with a Potential Interest in Defendant Account B**

---

Account B identified in the Amended Complaint for which there was no claim filed. The United States will address Defendant Accounts A and C at a later date.

3. The only known party with a potential interest in Defendant Account B is Chen Han Hsieh.

4. On May 17, 2023, in accordance with the requirements of Rule G(4)(b), the United States sent direct written notice of this forfeiture action to the only known potential claimant, Chen Han Hsieh, who is associated with the email address f221029231@gmail.com. Therefore, the United States sent notice to the associated email account. *See* Exhibit A. The notice package sent to the Chen Han Hsieh contained: (1) Notice of Complaint for Forfeiture; (2) Amended Verified Complaint for Forfeiture *In Rem*; (3) Order on Discovery Motions; (4) Warrants of Arrest *In* Rem, and (5) Acknowledgment of Receipt of Notice of Complaint for Forfeiture. *See* Exhibit B.

5. The "Notice of Complaint for Forfeiture" that was included in the Notice Package advised the parties that, in order to contest the Amended Verified Complaint, they were required to file a Statement of Right or Interest within 35 days of the Notice date—here, on or before June 21, 2023—and file an Answer within 21 days after filing the Statement of Right or Interest. The Notice of Complaint for Forfeiture further instructed the parties to file the Statement of Right or Interest and Answer with the Office of the Clerk, United States District Court, Middle District of Florida, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120. *Id.* at 3. Finally, the Notice of Complaint for Forfeiture advised that the "[f]ailure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint. You may wish to seek legal advice to protect your interests." *Id.* at 4.

6. Despite notice, Chen Han Hsieh did not file a claim to Defendant Account

B and the time for filing a claim has now expired.

### B.   Unknown Parties

7.   The United States published notice of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from May 12, 2023, through and including June 10, 2023, as required by Rule G(4)(a)(i) & (iv)(C)(3), as evidenced by the Declaration of Publication filed with this Court on June 22, 2023. Doc. 22. Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication—here, on or before July 11, 2023.

8.   No one has filed a statement of right or interest. The time to file a claim or otherwise contest the forfeiture has expired, and no claims have been filed.

## II.   Legal Argument

Based on the facts, which are more fully set forth in the Amended Verified Complaint, the Defendant Account B is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, any funds in all form, previously stored in or accessible via three individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

Rule G(4)(b)(iii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure provides that the government must send notice of a forfeiture action to potential claimants "by means

reasonably calculated to reach the potential claimant." *See* also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (to satisfy due process notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). "Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice." *United States v. Davenport*, 668 F.3d 1316, 1320, 1323 (11th Cir. 2012).

Reasonable notice requires only that the United States attempt to provide actual notice, it does not require that the United States demonstrate that it was successful in providing actual notice. *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (same); *Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) (same). In *Jones v. Flowers*, the United States Supreme Court held the Government must take additional steps to send notice to a property owner if it is aware that its first attempt to send by notice by certified mail was miscarried. *Jones*, 547 U.S. 220. But the additional steps are not onerous. In *Jones,* the United States Supreme Court held that simply re-sending the notice by first-class mail may be sufficient. *Id.* at 230.

Again, the government need only to make diligent attempts to provide actual notice; it need not demonstrate that notice was received. *Valderrama v. United* States, 417 F.3d 1189, 1197 (11th Cir. 2005); *cf.* Middle District of Fla. L. R. 7.03 (h) (a party seeking entry of default judgment may be excused for failing to provide notice "upon a satisfactory showing that diligent effort was made to give notice without success").

Rule G anticipates that electronic mail may be an acceptable form of notice. *See*

5

Rule G(4)(b)(iv) ("Notice by the following means is sent when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail."); see also *Twenty-Four Cryptocurrency Accounts*, No. 19-CV-3098 (DLF), 2020 WL 4049914, at *3 (D.D.C. July 20, 2020) ("[E]mail was an appropriate form of notice under these circumstances because the case involves international defendants whose locations are hard to pin down and the nature of the crimes necessarily entails some degree of cyber-proficiency on the part of the Defendant Properties' owners.")

Here, the United States properly noticed all known and unknown parties. Pursuant to Rule G(5)(a) & (b), any claimant to the Defendant Account B is required to file a claim no later than 35 days after the written notice was sent or 60 days after the first publication of notice on the official Government website. The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court. No person or entity has filed either a claim or an answer to the complaint for forfeiture or has otherwise appeared or answered in this regard, and the time to do so has expired. Upon information and belief, Chen Han Hsieh is not an infant, incompetent, or presently engaged in military service.

### III.     Conclusion

The United States requests that, pursuant to the provisions of 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G, Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, the Court enter a Judgment of Forfeiture,

forfeiting to the United States all right, title, and interest in Defendant Account B, which shall vest clear title to the property in the United States of America.

        Respectfully Submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   *s/Jennifer M. Harrington*
      JENNIFER M. HARRINGTON
      Assistant United States Attorney
      Florida Bar No. 0117748
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      Email: Jennifer.Harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. A true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

    Chen Han Hsieh
    f221029231@gmail.com

        *s/Jennifer M. Harrington*
        JENNIFER M. HARRINGTON
        Assistant United States Attorney