## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                            **Case No. 6:23-cv-710-WWB-EJK**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #152160928,**

      **Defendants.**

### NOTICE OF AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*SENT VIA E-MAIL TO: f221029231@gmail.com*

TO:   Mr. Chen Han Hsieh

      1.     FORFEITURE COMPLAINT: On April 27, 2023, the United States of

America filed an amended civil complaint seeking forfeiture, pursuant to 18 U.S.C. §

981(a)(1)(C), in the United States District Court for the Middle District of Florida,

Orlando Division, against the following:

**Notice of Forfeiture - Page 1**

EXHIBIT B

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #152160928,**

Enclosed with this Notice of Amended Complaint for Forfeiture in Rem, you will find an Amended Verified Complaint for Forfeiture In Rem, Order on Discovery Motions, Warrants of Arrest In Rem, and Acknowledgment of Receipt of Notice of Complaint for Forfeiture.   Please send the signed Acknowledgment of Receipt of Notice of Amended Complaint for Forfeiture to the United States Attorney's Office at the address listed on the Acknowledgement.

2.     FILING OF A VERIFIED CLAIM: Pursuant to Supplemental Rule G(5)(a)(ii), in order to avoid forfeiture of the defendant property, any person who asserts an interest in the defendant property must file a verified claim with the Office of the Clerk, United States District Court, Middle District of Florida *within 35 days after the date of this notice, or by June 21, 2023.*

3.     CONTENTS OF VERIFIED CLAIM: Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; and (C) be signed by the claimant under penalty of

**Notice of Forfeiture - Page  2**

perjury.    In signing your verified claim under penalty of perjury, you must specifically certify, under penalty of perjury, that the assertions contained in it are true and correct. *See* 28 U.S.C. § 1746.    If the Statement of Right or Interest is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it must state that the agent, bailee, or attorney is duly authorized to make the Statement of Right or Interest.

4.        FILING OF AN ANSWER: If you filed a verified claim, you must then file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure with the Office of the Clerk, United States District Court, Middle District of Florida *within 21 days after filing the verified claim*.

5.        FILING WITH COURT AND SERVICE ON UNITED STATES: As noted above, both the verified claim and answer must be filed with the with the, Office of the Clerk, United States District Court, Middle District of Florida, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120.    A copy of any Statement of Right or Interest and Answer (or motion) filed also must be sent to Roger B. Handberg, United States Attorney for the Middle District of Florida, 400 West Washington Street, Suite 3100, Orlando, Florida 32801, Attn: Jennifer M. Harrington, Assistant United States Attorney.

6.    FAILURE TO COMPLY WITH RULE G:   Failure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint.   You may wish to seek legal advice to protect your interests.

7.    ADDITIONAL INFORMATION:   Additional procedures and regulations regarding this forfeiture action are found at 18 U.S.C. § 983; 19 U.S.C. §§ 1602-1619; and 28 C.F.R. § 9.

Dated: May 17, 2023         ROGER B. HANDBERG
                            United States Attorney

By:    _____
       JENNIFER M. HARRINGTON
       Assistant United States Attorney
       Florida Bar No. 0117748
       400 West Washington Street, Suite 3100
       Orlando, Florida   32801
       (407) 648-7500 – telephone
       (407) 648-7643 – facsimile
       E-mail: Jennifer.Harrington2@usdoj.gov

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

    **Plaintiff,**

v.                       **Case No. 6:23-cv-710-WWB-EJK**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #152160928,**

    **Defendants.**

### AMENDED[1] VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, Plaintiff, the United States, brings

this complaint and alleges upon information and belief as follows:

---

[1] The original complaint, Doc. 1., inadvertently included documents unrelated to the instant case. The substance of the original complaint has not been altered and this amended complaint is filed in order to remove the unrelated documents from the record.

## NATURE OF THE ACTION

1.      This is a civil action *in rem* to forfeit to the United States, pursuant to 18

U.S.C. § 981(a)(1)(C) and Rule G(2), all funds in any form, including USDT or any

other cryptocurrency or fiat previously stored in or accessible via three individual

Binance Holdings Limited (Binance) accounts (Defendant Funds) on the grounds

that the funds are proceeds obtained from wire fraud offenses, in violation of 18

U.S.C. § 1343. In addition, the perpetrators of the fraud attempted to conceal and

disguise the nature, location, source, control and ownership of the wire fraud

proceeds by moving the proceeds through over a dozen cryptocurrency addresses, in

violation of 18 U.S.C. § 1956(a)(1)(B)(i). Thus, the Defendant Funds are subject to

civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over an action commenced by

the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by

virtue of 28 U.S.C. § 1355.

3.      This Court has *in rem* jurisdiction over the Defendant Funds pursuant to

28 U.S.C. § 1355(b)(1)(A), because venue properly lies in the Middle District of

Florida pursuant to 28 U.S.C. § 1395.

4.      Venue is proper in the United States District Court for the Middle

District of Florida pursuant to 28 U.S.C. § 1355(b)(1), because pertinent facts or

omissions giving rise to the forfeiture occurred in this District.

2

Case 6:23-cv-00710-WWB-NWH   Document 36-1   Filed 05/28/24   Page 7 of 46 PageID
242
Case 6:23-cv-00710-WWB-EJK   Document 1   Filed 04/27/23   Page 3 of 23 PageID 107

5.      Because the Defendant Funds are in the government's possession, custody, and control, the United States requests that the Clerk of Court issue an arrest warrant *in rem*, upon the filing of the complaint, pursuant to Supplemental Rule G(3)(b)(i). The United States will then execute the warrant on the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## THE DEFENDANT *IN REM*

6.      The Defendant Funds consist of:

    a. all funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #111070305, herein referred to as "Defendant Account A";

    b. all funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #68407402, herein referred to as "Defendant Account B"; and

    c. all funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #152160928, herein referred to as "Defendant Account C."

7.      The funds were seized from Binance by the United States Secret Service on or about February 24, 2023; March 1, 2023; March 9, 2023; March 22, 2023; and April 5, 2023, pursuant to Federal seizure warrants after findings of probable cause that the funds constituted proceeds of wire fraud offenses and property involved in money laundering offenses.

3

8.    As set as set forth in Supplemental Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

9.    The Court's authority to order forfeiture of the proceeds of violations of 18 U.S.C. § 1343 (wire fraud) is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offenses. A "specified unlawful activity," as defined in § 1956(c)(7), includes offenses listed in 18 U.S.C. § 1961(1). Specifically, § 1961(1) includes violations of 18 U.S.C. § 1343.

10.    The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. § 1956 is found in 18 U.S.C. § 981(a)(1)(A). Section 981(a)(1)(A) provides for the civil forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation of § 1956, or any property traceable to such property.

11.    As required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, they support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Funds are proceeds of wire fraud offenses and property involved in money laundering offenses.

4

Case 6:23-cv-00710-WWB-NWH Document 36-1 Filed 05/28/24 Page 9 of 46 PageID
Case 6:23-cv-00710-WWB-EJK Document 144 Filed 04/27/23 Page 5 of 23 PageID 109
244

## FACTS

12.    As detailed below, this case concerns the theft of approximately $10 million in cryptocurrency by Sun Hao, Song Shijie Null, Cheng Han Hsieh, Chun Li Tsao, and potentially others through a wire fraud scheme affecting a victim in the Middle District of Florida that was uncovered by tracing the movement of the Defendant Funds through multiple addresses and wallets, including to addresses held in the Defendant Accounts.

### A.    The Fraud

13.    In approximately April 2022, Victim 1, a resident of Seminole County, was contacted on the communication application WhatsApp, by an individual who spoke Mandarin (Chinese) and claimed to have grown up in China. This individual introduced himself as Sun Hao. Victim 1 began communicating with Hao about his experiences growing up as a child in China. This resonated with Victim 1 because of her own family experiences. Hao told Victim 1 that he was the son of the managing director of Texas Pacific Group (TPG) of China, and the nephew of the managing director of China's World Gold Council. Hao claimed to be a cryptocurrency trader on numerous investment platforms. Based on shared common experiences, and the apparent knowledge Hao had in management and investments, Victim 1 replied back, and the relationship began to flourish. The communication continued to get more frequent and consequential. After a few weeks, Victim 1 eventually was convinced to invest money based off Hao's recommendations. Although initially weary of this seemingly random contact, Victim 1 was ultimately lured into a

5

relationship with Hao based on common interests, which included Asian culture and investment strategies. Hao offered Victim 1 an opportunity to join a gold futures investment portfolio named S&J Futures Ltd. and promised substantial gains.

14.    Victim 1 continued to communicate with Hao via WhatsApp. Hao provided Victim 1 with the photo below, claiming to be the individual in the photo. Further investigation has determined that the individual portrayed in the photo below is likely not the individual with whom Victim 1 was communicating. Specifically, investigators found the exact same picture on a Russian dating site with a profile name of "Alex."



15.    After investing approximately $10 million over a six-month time period, Victim 1 discovered that all of the investment platforms were a scam when she attempted to withdraw her funds but was unable to do so. A review of the blockchain and available records indicates that Hao and individuals conspiring with Hao

6

subsequently laundered the proceeds of the scheme through over a dozen cryptocurrency addresses.

16.    Over the first few months, Victim 1 was persuaded to invest in gold futures that Hao claimed would provide a high return on investment. Hao provided her via WhatsApp and text messages, the names and websites to three private equity companies: S&J Futures, Ltd., Eastpac Capital, Ltd. and Apten International, Ltd.

17.    Continuing in September 2021 and through March 2022, Hao advised Victim 1 to liquidate her investment accounts at E-Trade and TD AmeriTrade and to open cryptocurrency trading accounts at the following cryptocurrency exchange platforms: Coinbase, Bitstamp, and Kraken. Specifically, Victim 1 began liquidating her investment accounts on September 27, 2021. Over the next six months, Victim 1 continued to liquidate her investment accounts at the direction of Hao, specifically transferring $9,291,509.48 via 18 total transactions, with the last occurring on March 21, 2022. Hao explained how to move her liquated funds from her Wells Fargo Bank account onto the various cryptocurrency exchange platforms. Once Victim 1's funds were successfully deposited onto the cryptocurrency exchange platforms, she was instructed by Hao as to what cryptocurrency to purchase and where to send it.

18.    Victim 1 was in the Middle District Florida when she was communicating with Hao, depositing fiat currency onto the numerous cryptocurrency exchange platforms, and when she transferred the cryptocurrency to addresses given to her by Hao.

19.    Victim 1 did as Hao instructed her via WhatsApp and used her
deposited fiat currency at the cryptocurrency exchanges to purchase Ether and/or
USDT on the Ethereum blockchain. Once she purchased Ether and/or USDT, she
was provided an Ether address for the tokens to be sent to. Hao told her that once
she transferred the Ether and/or USDT tokens to the addresses provided, her funds
would be inserted into the proper investment portfolio and the strategy should begin
to produce high results on investments in a short time-period.

20.    Over the next few months, when Victim 1 would log onto the three
private equity company webpages, she began to see what she believed were
projections of her return-on-investment, which instilled confidence in her about
Hao's legitimacy. Due to this apparent increase in her investment portfolio, she
continued to invest additional capital. Victim 1 logged into the following webpages
that are all now offline and reported as fraud sites: sjf-fx.com, apten.live, and
eastpac.live. Investigation into these three webpages revealed additional fraud reports
with similar schemes on the Federal Trade Commission's database as well the FBI's
Internet Complaint Center, IC3.

21.    In March 2022, Victim 1 attempted to withdraw her funds from her
respective investment accounts and was unable to do so. During this time-period,
Victim 1 was concerned the economy was moving in the wrong direction and she
was concerned about her investments in gold futures. Victim 1 then began to worry
that she had been a victim of a cyber-crime. When Victim 1 confronted Hao initially
about her desire to withdraw her funds, he was dismissive and reassured her the

8

problem was temporary. It was not much longer until she confronted Hao and told him she knew this was a scam. Hao responded to her by saying "Your government is not going to do anything," and "China is very strong now, the US would not dare go against or irritate China."

22.     Victim 1 lost $9,291,509.48 in a six-month timeframe, directly traceable to this cyber-crime.

**B. Cryptocurrency Tracing Analysis**

23.     The Defendant Accounts received funds directly traceable to Victim 1 and have been accessed from Thailand, Hong Kong, Great Britain, Northern Ireland, Philippines, Macao and Taiwan-based IP addresses.

24.     The majority of the fraudulent transfers were sent through a series of USDT wallet addresses before ultimately being deposited into accounts at Binance[2].

*Movement of Victim 1 Funds to Coinbase, Bitstamp, and Kraken*

25.     Beginning on September 27, 2021 and continuing through October 21, 2021, Victim 1 deposited a total of $3,121,419.48 into her Coinbase account via six wire transfers from her Wells Fargo Bank account ending in x6398. All this money had been converted to Ether tokens and sent to Ether addresses on the Ethereum blockchain.

---

[2] Binance Holdings Limited, which is registered in the Cayman Islands, owns and operates Binance.com, a cryptocurrency exchange that provides a platform for trading various cryptocurrencies and exchanging cryptocurrencies for fiat currencies.

26.    Beginning on November 3, 2021, and continuing through March 22, 2022, Victim 1 deposited a total of $4,170,000.00 into her Bitstamp account via nine wire transfers from her Wells Fargo account ending in x6398. All this money was converted to Ether and/or USDT tokens and sent to Ether addresses on the Ethereum blockchain.

27.    Beginning on January 14, 2022, and continuing through February 7, 2022, Victim 1 deposited a total of $2,000,000.00 to her Kraken account via three wire transfers from her Wells Fargo account ending in x6398. All this money had been converted to Ether and/or USDT tokens and sent to Ether addresses on the Ethereum blockchain.

28.    The deposits of Victim 1's Wells Fargo funds onto the Coinbase, Bitstamp, and Kraken cryptocurrency exchange platforms, the quick purchase of Ether and/or USDT tokens and the outgoing transactions were all at the direction of Hao.

### *Blockchain Tracing to the Defendant Accounts*

29.    This cyber-crime involved money laundering tactics common to evade law enforcement detection. Specifically, the suspects practiced three specific money laundering tactics in this scheme. The tactics practiced in this scheme are indicative of a money laundering scheme aimed at disguising the true origin of these wire fraud proceeds.

30.    First, Hao told Victim 1 to purchase Ether tokens instructed her to send them to a specific Ether token address. Once Victim 1 made the transaction and the

10

transaction was verified on the blockchain, Hao quickly converted the Ether tokens to USDT tokens (Tether). Hao's quick conversion from one token to another shows a deliberate attempt to disguise the true origins of the funds. Secondly, Hao's quick movement of USDT (Tether) tokens from one address to another, over the course of multiple addresses, while mixing other cryptocurrency along the way, is another tactic involved in money laundering to disguise the true origin of the funds. Lastly, Hao's use of peel chain tactics[3] show an organized effort to utilize numerous addresses, wallets, and cryptocurrency exchanges all in an attempt to disguise the true origin of the fraudulently obtained funds.

31.    Suspects will often utilize numerous cryptocurrency exchanges in an effort to disguise their true identities and allude law enforcement. In this specific scheme, Hao utilized numerous cryptocurrency exchanges to include Binance, Okex, FTX and Indodax. These cryptocurrency exchanges received cryptocurrency traceable to Victim 1's transactions. The Defendant Accounts received victim funds traceable to Victim 1's transactions.

*Laundering Proceeds to Defendant Account A*

32.    Defendant Account A, held in the name of Song Shijie Null, was opened at the Binance cryptocurrency exchange on April 4, 2021, and contained cryptocurrency which is directly traceable on the Ethereum blockchain, to Victim 1's

---

[3] Peel chain is a technique used to launder large amounts of illegally obtained cryptocurrency by funding a long series of small transactions. In other words, a small amount is "peeled" from a person's holdings in a low-value transfer again and again, often through an exchange where it can be converted to fiat currency.

transactions associated with this scheme. In addition, Victim 1 was never told nor did she ever give permission for this individual to have access to her invested funds. The below picture was provided to Binance by the individual who opened Defendant Account A, as a part of Binance's global compliance procedures, specifically their Know Your Customer (KYC) policy and Anti-Money Laundering (AML) policy:



33.    According to documents provided by Bitstamp, on November 1, 2021, Victim 1 opened an account at Bitstamp, a cryptocurrency exchange. Starting on November 3, 2021, and continuing until March 3, 2022, at the direction of Hao, Victim 1 deposited $4,170,000.00 into her own Bitstamp account and used it to purchase Ethereum and USDT tokens.

34.    Specifically, two transactions from Victim 1's Bitstamp account, one on March 8, 2022 and one on March 19, 2022, can be linked to funds in Defendant Account A. The illustrations below demonstrate the movement of funds from the Victims' Bitstamp account to Defendant Account A. Each block of text along the

12

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 17 of 46 PageID
252
Case 6:23-cv-00710-WWB-EJK    Document 15    Filed 04/27/23    Page 13 of 23 PageID 117

arrows depicted below indicates a deposit into an address, whereas the arrows

represent "hops" between addresses. "Hops" are transfers from one USDT address to

another. Diagrams 1 and 2 show the transactions involving Victim ETH and USDT

funds both ending up in Defendant Account A after being comingled with other

USDT while traversing more than twenty additional transactions on the blockchain.

*Diagram 1:*



Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 18 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 1-3    Filed 04/27/23    Page 14 of 23 PageID 118
233



*Diagram 2:*

35.     Between on or about May 11, 2021 and on or about June 5, 2022,
Defendant Account A received 97 deposits, with an approximate value of
$3,915,500.00. Included in these 97 deposits are the two transactions detailed above
directly traceable to Victim 1's Bitstamp account.

36.     In addition, a forensic financial analysis of Defendant Account A
discovered that the transaction history of this account exhibited common
characteristics of money laundering. For example, on June 1, 2022, three transfers
occurred which enabled 306,748 USDT to be moved from one Ethereum address to
another Ethereum address all contained within Defendant Account A. Once again,
on June 5, 2022, Defendant Account A received 83,835 USDT which can be directly
traced to laundered funds from the same address as just a few days prior. Because the
funds moved in a circular fashion, the transfers do not appear to have any legitimate

14

financial or business purpose. Thus, the funds received by Defendant Account A

appear to be money laundering proceeds.

37.    Pursuant to a seizure warrant signed on November 30, 2022, by United

States Magistrate Judge Leslie Hoffman Price, Case No. 6:22-mj-2235, the

cryptocurrency remaining in Defendant Account A, valued at approximately

$5,040,719.30, was transferred to a wallet owned and controlled by the United States

Secret Service on March 9, 22, and April 5, 2023.

### *Laundering of Proceeds to Defendant Account B*

38.    Defendant Account B, held in the name of Chen Han Hsieh, was

opened at the Binance cryptocurrency exchange on January 20, 2021, and contains

cryptocurrency which is directly traceable on the Ethereum blockchain, to Victim 1's

transactions associated with this scheme. In addition, Victim 1 was at no time ever

told, nor did she give permission, for this individual to have access to her invested

funds. The below picture was provided to Binance by the individual who opened

Defendant Account B, as a part of Binance's global compliance procedures,

specifically their KYC and AML, policies.

15



39.     According to documents provided by Bitstamp, on November 1, 2021,

Victim 1 opened an account at Bitstamp, a cryptocurrency exchange. Starting on

November 3, 2021, and continuing until March 3, 2022, at the direction of Hao,

Victim 1 deposited $4,170,000.00 into her own Bitstamp account and used it to

purchase Ethereum and USDT tokens.

40.     Specifically, one transaction from Victim 1's Bitstamp account,

occurring on January 18, 2022, can be linked to funds presently in Defendant

Account B. The illustration below demonstrates the movement of funds from the

Victims' Bitstamp account to Defendant Account B. Each block of text along the

arrows depicted below indicates a deposit into an address, whereas the arrows

represent "hops" between addresses. "Hops" are transfers from one USDT address to

another. The diagram below shows the transactions involving Victim ETH and

USDT funds ending up at Defendant Account B after being comingled with other

USDT while traversing over six additional transactions on the blockchain.

16



41.     Between on or about January 20, 2021 and on or about January 19,

2022, Defendant Account B received 54 deposits, with an approximate value of

$6,500,000.00. Included in these 54 deposits is one deposit for 30.755 ETH

(approximately $98,428 at the time of the deposit) which is directly traceable to

Victim 1's purchases from her Bitstamp account.

42.     In addition, a forensic financial analysis of Defendant Account B

discovered that the transaction history of this account exhibited common

characteristics of money laundering. Specifically, a large amount of passthrough

activity was observed in Defendant Account B. From April 11, 2022, until the

present, funds totaling the equivalent of $9,880,840 were withdrawn from Defendant

Account B. Of this amount, 76%, or $7,525,502 exhibited passthrough activity.

Passthrough activity can be summarized as moving money through numerous

intermediary addresses with little turn-around time for no apparent reason, prior to

the money being deposited at the final destination address. Thus, the funds received

by Defendant Account B appear to be money laundering proceeds.

43.    Pursuant to a seizure warrant signed on November 30, 2022, by United

States Magistrate Judge Leslie Hoffman Price, Case No. 6:22-mj-2236, the

cryptocurrency remaining in Defendant Account B, valued at approximately

$529,378.91 was transferred to a wallet owned and controlled by the United States

Secret Service on February 24, 2023.

### *Laundering of Proceeds to Defendant Account C*

44.    Defendant Account C, held in the name of Chun Li Tsao, was opened

at the Binance cryptocurrency exchange on May 11, 2021 and contains

cryptocurrency which is directly traceable on the Ethereum blockchain, to Victim 1's

transactions associated with this scheme. In addition, Victim 1 told me that at no

time was she ever told that, nor did she give permission for, this individual to have

access to her invested funds. The below picture was provided to Binance by the

individual who opened Defendant Account C, as a part of Binance's global

compliance procedures, specifically their KYC and AML, policies.

18

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 23 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 21-3    Filed 04/27/23    Page 19 of 23 PageID 123
258



45. According to documents provided by Kraken, on January 14, 2022 Victim 1 opened an account at Kraken, a cryptocurrency exchange. Beginning on January 14, 2022 and continuing until February 7, 2022, at the direction of Hao, Victim 1 deposited $2,000,000.00 into her Kraken account and used it to purchase Ethereum and USDT tokens.

46. Specifically, three transactions from Victim 1's Kraken account, occurring on January 18, 2022, January 19, 2022, and February 7, 2022, can be linked to funds presently in Defendant Account C. The illustration below demonstrates the movement of funds from Victim 1's Kraken account to Defendant Account C. Each block of text along the arrows depicted below indicates a deposit into an address, whereas the arrows represent "hops" between addresses. "Hops" are transfers from one USDT address to another. The diagram below shows the

19

transactions involving Victim ETH and USDT funds ending up at Defendant

Account C after being comingled with other USDT while traversing over ten

additional transactions on the blockchain.



47.    Between on or about May 11, 2021 and on or about June 13, 2022,

Defendant Account C received 52 deposits, with an approximate value of

$6,310,441.00. Included in these 52 deposits are three deposits totaling 310.52 ETH

(approximately $970,748 at the time of the deposits) from Victim 1's Kraken

account. All three of these ETH transactions are directly traceable to Victim 1's

purchases from her Kraken account.

48.    In addition, a forensic financial analysis of Defendant Account C

discovered that the transaction history of this account exhibited common

characteristics of money laundering. Specifically, Defendant Account C exhibited a

large amount of passthrough activity. From March 20, 2022 until present, 44% of the

funds withdrawn from Defendant Account C exhibited passthrough activity. Specifically, 44% of the funds withdrawn from Defendant Account C were moved through numerous addresses, some on the same date minutes apart, prior to them being sent to the final destination. In addition, Defendant Account C transacted with Defendant Account B numerous times from March 20, 2022, and June 13, 2022 by sending a total of 129,378 USDT. This relationship between Defendant Accounts B and C shows a likely affiliation between accounts and a greater probability that all the Defendant Accounts in this affidavit are involved in a large scale, organized crime scheme involving millions of dollars of laundered victim funds.

49.    Pursuant to a seizure warrant signed on November 30, 2022, by United States Magistrate Judge Leslie Hoffman Price, Case No. 6:22-mj-2237, the cryptocurrency remaining in Defendant Account C, valued at approximately $846,918.21, was transferred to a wallet owned and controlled by the United States Secret Service on March 1, 2023.

## CONCLUSION

50.    As required by Supplemental Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds are proceeds of wire fraud offenses, obtained in violation of 18 U.S.C. § 1343, and property involved in money laundering offenses in violation of 18 U.S.C. § 1956, and

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 26 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 61    Filed 04/27/23    Page 22 of 23 PageID 126
261

are, therefore, subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and

(a)(1)(C).

Dated: April 24, 2023

<div style="margin-left: 40%;">

Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney

By:     

JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
EMail:Jennifer.Harrington2@usdoj.gov

</div>

## VERIFICATION

I, Thomas Johnson III, hereby verify and declare under penalty of perjury,

that I am a Task Force Officer with the United States Secret Service, and pursuant

to 28 U.S.C. § 1746: (1) I have read the foregoing Amended Verified Complaint

for Forfeiture *in Rem* and know the contents thereof; and (2) that the matters

contained in the Amended Verified Complaint are true to my own knowledge

and belief.

The sources of my knowledge and information and the grounds of my

belief are the official files and records of the United States Secret Service, as well

as my investigation of this case together with other law enforcement agents. I

hereby verify and declare under penalty of perjury that the foregoing is true and

correct.

Executed this 24th day of April 2023.

Thomas Johnson III
Task Force Officer
United States Secret Service

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

v.            Case No: 6:23-cv-710-WWB-EJK

ALL FUNDS IN ANY FORM,
INCLUDING USDT OR ANY
OTHER CRYPTOCURRENCY OF
FIAT PREVIOUSLY STORED IN
OR ACCESSIBLE VIA BINANCE
ACCOUNT BEARING USER ID
111070305,68407402, 152160928,

    **Defendant.**

## ORDER ON DISCOVERY MOTIONS

In an effort "to secure the just, speedy, and inexpensive determination" of this

action, Fed. R. Civ. P. 1, it is **ORDERED** as follows:

(1)  If a discovery dispute arises, the litigants must confer **in person or via telephone** in a good faith effort to resolve the dispute before seeking court intervention. *See* Local Rule 3.01(g).

(2)  If the good-faith conferral does not resolve the discovery dispute, a litigant may seek court intervention, but must do so by filing a Short-Form Discovery Motion in compliance with this Order. **Neither the Motion nor any response thereto shall exceed 500 words**, exclusive of caption, signature block, and certifications.

(3)  The Movant must attach any discovery requests and discovery responses.

(4)  If time-sensitive, the Motion must be filed and captioned as "Time-Sensitive."

(5)  Any litigant opposing the Motion shall file a response no later than five days after the Motion is filed (*see* Fed. R. Civ. P. 6(a)); **a failure to file a timely response will result in the Motion being deemed unopposed**.

Case 6:23-cv-00710-WWB-NWH   Document 36-1   Filed 05/28/24   Page 29 of 46 PageID
Case 6:23-cv-00710-WWB-EJK   Document 24   Filed 04/20/23   Page 2 of 2 PageID 61
264

(6)     To resolve the dispute, the Court may: decide the dispute on the basis of the Motion and any response, set a hearing, or order further briefing.

(7)     In the Motion or response, a litigant may request additional briefing, but such a request must accompany, and not replace, the substantive argument.

(8)     The litigants must continue to confer concerning the dispute and must promptly notify the Court if they resolve the Motion in whole or in part.

(9)     **If a hearing is set, the litigants shall file a joint notice two days before the hearing** certifying ongoing conferral and stating which issues, if any, have been resolved.


The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes. The Court may impose appropriate sanctions upon a finding of failure to comply with this Order or upon a finding of other discovery misconduct.

**DONE** and **ORDERED** in Orlando, Florida on April 20, 2023.


EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Case 6:23-cv-00710-WWB-NWH   Document 36-1   Filed 05/28/24   Page 30 of 46 PageID
Case 6:23-cv-00710-WWB-EJK   Document 5 (Court only)   Filed 04/24/23   Page 1 of 5
PageID 65

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

    **Plaintiff,**

v.

Case No. 6:23-cv- 710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #152160928,**

    **Defendants.**

## WARRANT OF ARREST *IN REM*

TO:   THE UNITED STATES SECRET SERVICE OR ANY OTHER DULY
      AUTHORIZED LAW ENFORCEMENT OFFICER, MIDDLE
      DISTRICT OF FLORIDA

    The United States has filed a Verified Complaint for Forfeiture *in Rem* in

the United States District Court for the Middle District of Florida alleging that

All Funds in any form, including USDT or any other cryptocurrency or fiat

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 31 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 55 (Court only)    Filed 04/24/23    Page 2 of 5
PageID 66

previously stored in or accessible via Binance account bearing User ID

#111070305 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as

property constituting proceeds traceable to violations of 18 U.S.C. § 1343 (wire

fraud) and pursuant to 18 U.S.C. § 981(a)(1)(A), as any property, real or personal,

involved in a transaction or attempted transaction or any property traceable to

such property in violation of 18 U.S.C. § 1956 (money laundering).

    As set forth in the Motion for Issuance of Warrant of Arrest *in Rem*, the

Defendant Funds are in the possession, custody, or control of the United States.

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure,

upon the filing of a complaint, the Clerk must issue a warrant to arrest defendant

property if it is in the government's possession, custody, or control.

    WHEREFORE, YOU ARE HEREBY COMMANDED to arrest the

Defendant Funds by executing this Warrant of Arrest *in Rem* and promptly

returning this Warrant of Arrest *in Rem* to the Clerk of the United States District

Court, Orlando, Florida.

    Special Agents of the United States Secret Service, at their discretion, shall

be accompanied by federal, state, or local law enforcement officers to assist in the

execution of this Warrant of Arrest *in Rem*.

YOU ARE FURTHER COMMANDED to provide notice of this action to all persons thought to have an interest in or claim against the Defendant Funds by serving such persons a copy of this warrant, and a copy of the Verified Complaint for Forfeiture *in Rem*, in a manner consistent with the principles of service of process of an action *in rem* under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

A RETURN of this Warrant of Arrest *in Rem* shall be made promptly to the Court identifying the individuals upon whom copies were served and the manner employed, and a statement as to the satisfaction of the orders herein issued.

Pursuant to 18 U.S.C. § 983(a)(4), all persons claiming an interest in the Defendant Funds shall file a Verified Statement of Right or Interest asserting such person's interest in the property in a manner set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, within 35 days after direct notice of the complaint was sent under Rule G(4)(b); or within 30 days of the final date of publication of newspaper notice or legal notice (or within 60 days of the first day of publication on an official internet government forfeiture site) if direct notice was not sent under Rule G(5)(a)(ii)(B); or within 60 days of the filing of the

Case 6:23-cv-00710-WWB-NWH Document 36-1 Filed 05/28/24 Page 33 of 46 PageID
Case 6:23-cv-00710-WWB-EJK Document 36 (Court only) Filed 04/24/23 Page 4 of 5
PageID 68

complaint if notice was not published or sent directly and the property was in the

government's possession, custody or control under Rule G(5)(a)(ii)(C)(1); or

within 60 days after process was executed on the property under Rule G(3) if

notice was not published or sent directly and the property was not in the

government's possession, custody or control under Rule G(5)(a)(ii)(C)(2). The

claimant shall also file an Answer to the Verified Complaint within 21 days after

filing the claim. The claimant shall file the Verified Statement of Right or Interest

and Answer, with the Clerk of the United States District Court, Orlando

Division, 400 W. Washington Street, Suite 3100, Orlando, Florida 32801-0120.

Copies of the Verified Statement of Right or Interest and the Answer to the

Complaint are to be sent to Roger B. Handberg, United States Attorney, 400

West Washington Street, Suite 3100, Orlando, Florida 32801, Attn: Jennifer M.

Harrington, Assistant United States Attorney. Failure to follow this procedure

may result in the entry of a default judgment.

All persons or entities having an interest in the Defendant Funds, instead

of, or in addition to, filing a Statement of Right or Interest, may file a Petition for

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 34 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 5 (Court only)    Filed 04/24/23    Page 5 of 5
269
PageID 69

Remission and Mitigation of Forfeiture in accordance with the procedures set

forth in 28 C.F.R. Part 9.

ELIZABETH WARREN, CLERK
United States District Court
Middle District of Florida

By:    _____
Deputy Clerk

April 24, 2023
_____
Date

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 35 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 6 (Court only)    Filed 04/24/23    Page 1 of 5
PageID 70

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                        Case No. 6:23-cv-710-WWB EJK

ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #111070305,

ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #68407402,

ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #152160928,

    Defendants.

## WARRANT OF ARREST *IN REM*

TO:  THE UNITED STATES SECRET SERVICE OR ANY OTHER DULY
      AUTHORIZED LAW ENFORCEMENT OFFICER, MIDDLE
      DISTRICT OF FLORIDA

The United States has filed a Verified Complaint for Forfeiture *in Rem* in

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 36 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 6 (Court only)    Filed 04/24/23    Page 2 of 5
PageID 71

the United States District Court for the Middle District of Florida alleging that

All Funds in any form, including USDT or any other cryptocurrency or fiat

previously stored in or accessible via Binance account bearing User ID

#68407402 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as

property constituting proceeds traceable to violations of 18 U.S.C. § 1343 (wire

fraud) and pursuant to 18 U.S.C. § 981(a)(1)(A), as any property, real or personal,

involved in a transaction or attempted transaction or any property traceable to

such property in violation of 18 U.S.C. § 1956 (money laundering).

As set forth in the Motion for Issuance of Warrant of Arrest *in Rem*, the

Defendant Funds are in the possession, custody, or control of the United States.

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure,

upon the filing of a complaint, the Clerk must issue a warrant to arrest defendant

property if it is in the government's possession, custody, or control.

WHEREFORE, YOU ARE HEREBY COMMANDED to arrest the

Defendant Funds by executing this Warrant of Arrest *in Rem* and promptly

returning this Warrant of Arrest *in Rem* to the Clerk of the United States District

Court, Orlando, Florida.

Special Agents of the United States Secret Service, at their discretion, shall

be accompanied by federal, state, or local law enforcement officers to assist in the

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 37 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 8 (Court only)    Filed 04/24/23    Page 3 of 5
PageID 72

execution of this Warrant of Arrest *in Rem*.

YOU ARE FURTHER COMMANDED to provide notice of this action to all persons thought to have an interest in or claim against the Defendant Funds by serving such persons a copy of this warrant, and a copy of the Verified Complaint for Forfeiture *in Rem*, in a manner consistent with the principles of service of process of an action *in rem* under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

A RETURN of this Warrant of Arrest *in Rem* shall be made promptly to the Court identifying the individuals upon whom copies were served and the manner employed, and a statement as to the satisfaction of the orders herein issued.

Pursuant to 18 U.S.C. § 983(a)(4), all persons claiming an interest in the Defendant Funds shall file a Verified Statement of Right or Interest asserting such person's interest in the property in a manner set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, within 35 days after direct notice of the complaint was sent under Rule G(4)(b); or within 30 days of the final date of publication of newspaper notice or legal notice (or within 60 days of the first day of publication on an official internet government forfeiture site) if direct

Case 6:23-cv-00710-WWB-NWH   Document 36-1   Filed 05/28/24   Page 38 of 46 PageID
Case 6:23-cv-00710-WWB-EJK   Document 3   (Court only)   Filed 04/24/23   Page 4 of 5
PageID 73

notice was not sent under Rule G(5)(a)(ii)(B); or within 60 days of the filing of the

complaint if notice was not published or sent directly and the property was in the

government's possession, custody or control under Rule G(5)(a)(ii)(C)(1); or

within 60 days after process was executed on the property under Rule G(3) if

notice was not published or sent directly and the property was not in the

government's possession, custody or control under Rule G(5)(a)(ii)(C)(2). The

claimant shall also file an Answer to the Verified Complaint within 21 days after

filing the claim. The claimant shall file the Verified Statement of Right or Interest

and Answer, with the Clerk of the United States District Court, Orlando

Division, 400 W. Washington Street, Suite 3100, Orlando, Florida 32801-0120.

Copies of the Verified Statement of Right or Interest and the Answer to the

Complaint are to be sent to Roger B. Handberg, United States Attorney, 400

West Washington Street, Suite 3100, Orlando, Florida 32801, Attn: Jennifer M.

Harrington, Assistant United States Attorney. Failure to follow this procedure

may result in the entry of a default judgment.

All persons or entities having an interest in the Defendant Funds, instead

of, or in addition to, filing a Statement of Right or Interest, may file a Petition for

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 39 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 4 (Court only)    Filed 04/24/23    Page 5 of 5
PageID 74

Remission and Mitigation of Forfeiture in accordance with the procedures set

forth in 28 C.F.R. Part 9.

ELIZABETH WARREN, CLERK
United States District Court
Middle District of Florida

By: _____
Deputy Clerk

April 24, 2023
_____
Date

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 40 of 46 PageID
275
Case 6:23-cv-00710-WWB-EJK    Document 7 (Court only)    Filed 04/24/23    Page 1 of 5
PageID 75

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

  **Plaintiff,**

**v.**            **Case No. 6:23-cv-** 710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #152160928,**

  **Defendants.**

## WARRANT OF ARREST *IN REM*

TO: THE UNITED STATES SECRET SERVICE OR ANY OTHER DULY
AUTHORIZED LAW ENFORCEMENT OFFICER, MIDDLE
DISTRICT OF FLORIDA

The United States has filed a Verified Complaint for Forfeiture *in Rem* in

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 41 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document 2 (Court only)    Filed 04/24/23    Page 2 of 5
PageID 76

the United States District Court for the Middle District of Florida alleging that

All Funds in any form, including USDT or any other cryptocurrency or fiat

previously stored in or accessible via Binance account bearing User ID

#152160928 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as

property constituting proceeds traceable to violations of 18 U.S.C. § 1343 (wire

fraud) and pursuant to 18 U.S.C. § 981(a)(1)(A), as any property, real or personal,

involved in a transaction or attempted transaction or any property traceable to

such property in violation of 18 U.S.C. § 1956 (money laundering).

As set forth in the Motion for Issuance of Warrant of Arrest *in Rem*, the

Defendant Funds are in the possession, custody, or control of the United States.

Pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure,

upon the filing of a complaint, the Clerk must issue a warrant to arrest defendant

property if it is in the government's possession, custody, or control.

WHEREFORE, YOU ARE HEREBY COMMANDED to arrest the

Defendant Funds by executing this Warrant of Arrest *in Rem* and promptly

returning this Warrant of Arrest *in Rem* to the Clerk of the United States District

Court, Orlando, Florida.

Special Agents of the United States Secret Service, at their discretion, shall

be accompanied by federal, state, or local law enforcement officers to assist in the

Case 6:23-cv-00710-WWB-NWH   Document 36-1   Filed 05/28/24   Page 42 of 46 PageID
Case 6:23-cv-00710-WWB-EJK   Document 7 (Court only)   Filed 04/24/23   Page 3 of 5
PageID 77

execution of this Warrant of Arrest *in Rem*.

YOU ARE FURTHER COMMANDED to provide notice of this action to

all persons thought to have an interest in or claim against the Defendant Funds by

serving such persons a copy of this warrant, and a copy of the Verified Complaint

for Forfeiture *in Rem*, in a manner consistent with the principles of service of

process of an action *in rem* under Rule G of the Supplemental Rules for Admiralty

or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil

Procedure.

A RETURN of this Warrant of Arrest *in Rem* shall be made promptly to

the Court identifying the individuals upon whom copies were served and the

manner employed, and a statement as to the satisfaction of the orders herein

issued.

Pursuant to 18 U.S.C. § 983(a)(4), all persons claiming an interest in the

Defendant Funds shall file a Verified Statement of Right or Interest asserting such

person's interest in the property in a manner set forth in Rule G of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions of the Federal Rules of Civil Procedure, within 35 days after direct notice

of the complaint was sent under Rule G(4)(b); or within 30 days of the final date

of publication of newspaper notice or legal notice (or within 60 days of the first

day of publication on an official internet government forfeiture site) if direct

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 43 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document (Court only)    Filed 04/24/23    Page 4 of 5
PageID 78

notice was not sent under Rule G(5)(a)(ii)(B); or within 60 days of the filing of the

complaint if notice was not published or sent directly and the property was in the

government's possession, custody or control under Rule G(5)(a)(ii)(C)(1); or

within 60 days after process was executed on the property under Rule G(3) if

notice was not published or sent directly and the property was not in the

government's possession, custody or control under Rule G(5)(a)(ii)(C)(2). The

claimant shall also file an Answer to the Verified Complaint within 21 days after

filing the claim. The claimant shall file the Verified Statement of Right or Interest

and Answer, with the Clerk of the United States District Court, Orlando

Division, 400 W. Washington Street, Suite 3100, Orlando, Florida 32801-0120.

Copies of the Verified Statement of Right or Interest and the Answer to the

Complaint are to be sent to Roger B. Handberg, United States Attorney, 400

West Washington Street, Suite 3100, Orlando, Florida 32801, Attn: Jennifer M.

Harrington, Assistant United States Attorney. Failure to follow this procedure

may result in the entry of a default judgment.

   All persons or entities having an interest in the Defendant Funds, instead

of, or in addition to, filing a Statement of Right or Interest, may file a Petition for

Case 6:23-cv-00710-WWB-NWH    Document 36-1    Filed 05/28/24    Page 44 of 46 PageID
Case 6:23-cv-00710-WWB-EJK    Document g (Court only)    Filed 04/24/23    Page 5 of 5
PageID 79

Remission and Mitigation of Forfeiture in accordance with the procedures set

forth in 28 C.F.R. Part 9.

ELIZABETH WARREN, CLERK
United States District Court
Middle District of Florida

By:    _____
Deputy Clerk

April 24, 2023
_____
Date

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                           **Case No. 6:23-cv-710-WWB-EJK**

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #152160928,**

           **Defendants.**

**ACKNOWLEDGMENT OF RECEIPT OF**
**NOTICE OF AMENDED COMPLAINT FOR FORFEITURE *IN REM***

TO:    Jennifer M. Harrington
        Assistant United States Attorney
        United States Attorney's Office
        400 West Washington Street, Suite 3100
        Orlando, Florida 32801

Mr. Chen Han Hsieh, hereby acknowledges receipt of a Notice of Forfeiture;

Amended Verified Complaint for Forfeiture In Rem; Order on Discovery Motions; and

Warrants of Arrest In Rem, in the action styled *United States v. All Funds in Any Form,*

*Including USDT or Any Other Cryptocurrency or Fiat Previously Stored in or Accessible*

*Via Binance Account Bearing User ID 111070305, 68407402, and 152160928.*, Case

*No.* 6:23-cv-710-WWB-EJK, United States District Court, Middle District of Florida,

Orlando Division.   Also enclosed is an Acknowledgment of Receipt of Notice of

Amended Complaint for Forfeiture and a self-addressed, postage prepaid envelope in

which this Acknowledgment can be returned.

Mr. Chen Han Hsieh acknowledges that a default judgment may be entered

against the defendant property if a Statement of Right or Interest is not filed with the

Clerk of the Court and served on the United States Attorney on or before **June 21,**

**2023**, and if an Answer is not filed with the Clerk of the Court and served on the above

addressee within 21 days after filing a Statement of Right or Interest.


Date: _____          _____

                                                            Mr. Chen Han Hsieh