**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No.: 6:23-cv-710-WWB-UAM

ALL FUNDS IN ANY FORM,
INCLUDING USDT OR ANY OTHER
CRYPTOCURRENCY OF FIAT
PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE
ACCOUNT BEARING USER ID
111070305,68407402, 152160928,
SHIJIE SONG and CHUNLI TSAO,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the United States' Motion for Judgment of Forfeiture (Doc. 36), Stipulated Dismissal as to Defendant Account A (Doc. 37), Notice of Withdrawal of Claim (Doc. 38), and Consent Motion for Judgment of Forfeiture (Doc. 39).

**I.**     **BACKGROUND**

In the Amended Verified Complaint for Forfeiture *In Rem* (Doc. 11), the United States seeks forfeiture of funds previously stored in or accessible via Binance Holdings Limited accounts bearing User ID # 111070305 ("**Account A**"); User ID # 68407402 ("**Account B**"); and User ID # 152160928 ("**Account C**"). (*Id.* ¶¶ 1, 6). The Government alleges that the funds, approximately $10 million in cryptocurrency, were fraudulently obtained from a resident of Seminole County through a scheme to induce the victim to wire funds for non-existent investments. (*Id.* ¶¶ 12–22). As a result, the Government

seeks forfeiture of the funds pursuant to 18 U.S.C. § 981(a)(1)(A), (a)(1)(C) and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*Id.* ¶¶ 1, 50).

## II.    DISCUSSION

With respect to Account A, on July 29, 2024, the Government filed a Stipulated Dismissal as to Defendant Account A (Doc. 37), purporting to dismiss the claims against Account A, and Claimant Shijie Song, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The Stipulation was signed by Song's counsel. (*Id.* at 2). The Stipulation, however, was not signed by Claimant Chunli Tsao, who had appeared and filed an Answer, Affirmative Defenses, and Demand for Jury Trial (Doc. 27). Pursuant to Rule 41(a)(1)(A), to dismiss an action without a court order, the party must file "a stipulation of dismissal signed by all parties who have appeared." "[C]ourts have consistently held that an *in rem* claimant is a party to an action." *United States v. $22,555.00 in U.S. Currency*, No. 1:11-CV-1079, 2012 WL 2906835, at *2 (N.D.N.Y. July 16, 2012). Therefore, the Stipulation is not effective under Rule 41(a). Nevertheless, in the interests of justice and to avoid unnecessary motion practice, the Court will construe the Stipulation as a motion to amend under Rule 15, which will be granted. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading . . . with . . . the court's leave. The court should freely give leave when justice so requires."). Therefore, the claims against Account A will be dismissed without prejudice.

Turning to Account B, the Government filed a Motion for Judgment of Forfeiture (Doc. 36), seeking a judgment as to Account B. No responses or objections to the Motion were filed and no claims have been made to the funds in Account B. The Government's

Motion does not specify any rule or statute under which it seeks judgment.  Neither §§ 981 nor 983 set forth a procedure for obtaining a judgment of forfeiture.  Supplemental Rule G is also silent on the process for obtaining a judgment, instead directing the Court to Supplemental Rules C and E—which do not set forth a procedure for obtaining a judgment—and the Federal Rules of Civil Procedure.  Thus, it appears that the proper procedure for seeking judgment in this case lies within the Federal Rules of Civil Procedure.  However, turning to the Federal Rules of Civil Procedure, numerous rules could apply—i.e., Rule 12(c), Rule 55, or Rule 56—each carrying with it a different burden of proof and standard of review.  Pursuant to Local Rule 3.01(a), parties are required to include "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request" in their motion for relief.  Here, the Government's failure to specify the basis for its request leaves the Court to guess as to the basis and the concomitant legal standard to apply.  Therefore, the Government's Motion for Judgment of Forfeiture as to Account B will be denied without prejudice to being refiled with a proper memorandum of law setting forth the basis for the requested relief and the applicable standard in accordance with Local Rule 3.01(a).

Finally, as to Account C, the Government filed a Consent Motion for Judgment of Forfeiture (Doc. 39).  Therein, the Government states that it has settled all claims with the only individual known to have an interest in the funds with respect to Account C, Tsao.  (*Id.* at 4; Doc. 39-1 at 1–4).  On September 30, 2024, Tsao filed a Notice of Withdrawal of Claim (Doc. 38), seeking voluntary dismissal pursuant to Federal Rule of Procedure 41(a)(1).  As an initial matter, Rule 41(a)(1) applies to dismissals "by the Plaintiff."  Tsao is not the plaintiff in this matter.  *See United States v. $242,484.00*, 389 F.3d 1149, 1168

3

n.1 (11th Cir. 2004) (Tjoflat, J., concurring) (stating that a claimant in an in rem proceeding "stands in the shoes of a defendant in an in personam civil action"). Furthermore, even assuming Rule 41(a) applied, the Notice is not signed by all parties that have appeared in this action as required for dismissal without court order. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). It also does not appear that Rule 41(b) or (c) would apply in this matter. *See United States v. Proceeds of Drug Trafficking Transferred to Certain Foreign Bank Accounts*, 252 F.R.D. 60, 62 (D.D.C. 2008); *United States v. An Undetermined Quantity of 1/2 Ounce Bottles of an Article of Drug*, No. 4:07-CV-1847, 2008 WL 2277548, at *1 (E.D. Mo. May 29, 2008). Therefore, the Notice will be stricken.

With respect to the Consent Motion, it suffers from the same flaws as the Government's Motion with respect to Account B. Specifically, the Government fails to provide a legal basis for the requested relief, either as to Tsao or any unknown claimant, or to provide a memorandum of authority setting forth the grounds upon which this Court might consider its request. Therefore, the Consent Motion for Judgment of Forfeiture will also be denied without prejudice.

### III. CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The United States' Motion for Judgment of Forfeiture (Doc. 36) is **DENIED without prejudice**.
2. The Stipulated Dismissal as to Defendant Account A (Doc. 37), construed as motion for leave to amend, is **GRANTED** and the Government's pleading is deemed amended to remove all claims with respect to Account A. The

Clerk is directed to terminate Shijie Song as a Claimant in this matter and amend the case style accordingly.

3. The Notice of Withdrawal of Claim (Doc. 38) is **STRICKEN**.

4. The Consent Motion for Judgment of Forfeiture (Doc. 39) is **DENIED without prejudice**.

5. The Government may file amended Motions as to Accounts B and C on or before **April 16, 2025**.

**DONE AND ORDERED** in Orlando, Florida on March 28, 2025.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record