**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                    Case No. 6:23-cv-710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING**
**USDT OR ANY OTHER CRYPTOCURRENCY**
**OR FIAT PREVIOUSLY STORED IN OR**
**ACCESSIBLE VIA BINANCE ACCOUNT**
**BEARING USER ID #152160928,**

    Defendants.

## UNITED STATES' MOTION FOR CLERK'S ENTRY OF DEFAULT

The United States of America moves, pursuant to Federal Rule of Civil Procedure 55(a), and Local Rule 1.10, for the Clerk to enter a Default against Chen Han Hsieh and Chunli Tsao, who were provided with notice of this forfeiture action and failed to timely file a claim or otherwise defend against the forfeiture of the following accounts:

    a. All funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #68407402, herein referred to as "Defendant Account B."

    b. All funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #152160928, herein referred to as "Defendant Account C."

(The Defendant Funds)[1]. In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.  Statement of Facts**

1. The Declaration of Forfeiture Support Associates, LLC Contract Paralegal Kelly Lake is attached as Exhibit A, and is incorporated in this motion.

2. On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of the defendant funds. Doc. 11. This case is a civil action in rem to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, all funds in any form, previously stored in or accessible via three individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *Id.*

**A.  Known Parties with a Potential Interest in the Defendant Accounts**

3. Chen Han Hsieh (Hsieh) is the only person known to have an alleged

---

[1] On March 28, 2025, this Court construed the Stipulated Dismissal as to Defendant Account A (Doc. 37) as a motion to amend, and accordingly, dismissed the Government's claim against the funds previously held in Binance Account Bearing User ID #111070305 (Defendant Account A), and directed the Clerk to terminate Shijie Song as a Claimant in this matter. Doc. 41. The Government notes that the Stipulated Dismissal as to Defendant Account A included only Claimant Song and the Government. Claimant Tsao, who alleged no claim or interest in Defendant Account A, had no standing to contest, or therefore consent, to the dismissal of the complaint as to Defendant Account A, which is why Claimant Tsao, despite being a party to the proceedings, was not included on the Stipulated Dismissal pertaining to Defendant Account A.

2

interest in the funds seized from Defendant Account B, and Chunli Tsao (Claimant Tsao) is the only person known to have an alleged interest in the funds seized from Defendant Account C. Exhibit A at ¶ 3.

4.     On May 17, 2023, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, notice packages providing notice of this forfeiture action were emailed to Claimant Hsieh with respect to Defendant Account B, who is associated with the email address [f221029231@gmail.com](mailto:f221029231@gmail.com) and Claimant Tsao with respect to Defendant Account C, who is associated with the email address [wct588888@gmail.com](mailto:wct588888@gmail.com). Exhibit A at ¶ 5. Each notice package included a Notice of Complaint for Forfeiture, Amended Verified Complaint for Forfeiture in Rem, Order on Discovery Motions, Warrants of Arrest *In Rem*, and Acknowledgment of Receipt of Notice of Complaint for Forfeiture. *Id.*

5.     The Notice of Complaint for Forfeiture *In Rem* that was part of the notice package mailed to the claimants advised that, in order to avoid forfeiture of the Defendant Accounts, any person who asserts an interest in the Defendant Accounts was required to file a verified claim within 35 days of the notice date—here, on or before June 21, 2023—with the Office of the Clerk, United States District Court, Middle District of Florida. The Notice set forth the requirements for the verified claim pursuant to Rule G(5)(a) and advised that "[f]ailure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint." Exhibit A at ¶ 6.

6. Despite notice, Claimant Hsieh did not file a claim with respect to Defendant Account B.

7. On June 22, 2023, and July 12, 2023, respectively, Claimant Tsao filed a claim (Doc. 21), and answer (Doc. 27), with respect to Defendant Account C.

8. On September 20, 2024, the United States and Claimant Tsao executed a Settlement Agreement wherein Claimant Tsao agreed withdraw her claim and answer contesting the civil judicial forfeiture of the funds seized from Defendant Account C. Additionally, the United States agreed not to pursue additional avenues to seek the seizure of certain remaining funds in Defendant Account C, based upon or related to the conduct giving rise to the Amended Verified Complaint for Forfeiture In Rem. Doc. 39, Ex. A.

9. The United States moved for a Judgment of Forfeiture for Defendant Account B (Doc. 36) and a Consent Judgment of Forfeiture for Defendant Account C. (Doc. 39), which were denied by the Court. Doc. 41 at 4, 5.

10. On July 29, 2024, a Stipulated Dismissal as to Defendant Account A was filed (Doc. 37), construed as a motion to amend, was granted by the Court. Doc. 41 at 4.

11. On April 22, 2024, pursuant to the terms of the Settlement Agreement, Claimant Tsao withdrew her claim (Doc. 44) to Defendant Account C.

**B.     Unknown Parties**

12. The United States published notice of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from May 12, 2023, through and including June 10, 2023, as required by Rule G(4)(a)(i)

& (iv)(C)(3), as evidenced by the Declaration of Publication filed with this Court on June 22, 2023. Doc. 22. Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication—here, on or before July 11, 2023. *Id.*

## II.     Applicable Law

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom judgment is sought has failed to plead or otherwise defend against an action, and that failure is demonstrated, "the Clerk **must** enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). In forfeiture actions, the United States is only required to send notice to known potential claimants by "means reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A); *see also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (to satisfy due process notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Notice of forfeiture proceedings may be sent to the potential claimant or an attorney that represents the potential claimant: 1) with respect to the seizure of the property; 2) in a related investigation; 3) in an administrative forfeiture proceeding; or 4) in a criminal case. Rule G(4)(b)(iii)(B). "Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice." *United States v. Davenport*, 668 F.3d 1316, 1320, 1323 (11th Cir. 2012).

Rule G anticipates that electronic mail may be an acceptable form of notice. *See* Rule G(4)(b)(iv) ("Notice by the following means is sent when it is placed in the mail,

delivered to a commercial carrier, or sent by electronic mail."); *see also Twenty-Four Cryptocurrency Accounts*, No. 19-CV-3098 (DLF), 2020 WL 4049914, at *3 (D.D.C. July 20, 2020) ("[E]mail was an appropriate form of notice under these circumstances because the case involves international defendants whose locations are hard to pin down and the nature of the crimes necessarily entails some degree of cyber-proficiency on the part of the Defendant Properties' owners.")

Here, the United States properly noticed Claimant Hsieh with respect to Defendant Account B. Despite notice, Claimant Hsieh did not file a claim.

Additionally, Claimant Tsao with respect to Defendant Account C had actual notice of the forfeiture proceeding, as demonstrated by her attorney's appearance in this action and the filing of verified claim and answer, which she later withdrew pursuant to a settlement agreement.

### III.     Conclusion

For the reasons above, the United States respectfully requests that the Clerk of Court enter a default against Chen Han Hsieh with respect to Defendant Account B and

Chunli Tsao with respect to Defendant Account C for their failure to plead or otherwise defend against the forfeiture of the Defendant Accounts.

>Respectfully Submitted,
>
>GREGORY W. KEHOE
>United States Attorney
>
>By:  *s/Jennifer M. Harrington*
>    JENNIFER M. HARRINGTON
>    Assistant United States Attorney
>    Florida Bar No. 0117748
>    400 W. Washington Street, Suite 3100
>    Orlando, Florida 32801
>    Telephone: (407) 648-7500
>    Facsimile: (407) 648-7643
>    Email: Jennifer.Harrington2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

>*s/Jennifer M. Harrington*
>JENNIFER M. HARRINGTON
>Assistant United States Attorney