UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No.: 6:23-cv-00710-WWB-UAM

ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #68407402,

ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #152160928,

    Defendants.

## ORDER

This cause comes before the Court on Plaintiff's Motion, pursuant to Federal Rule of Civil Procedure 55(a), for Clerk's Entry of Default, filed April 23, 2025 (the "Motion"). (Doc. 46). The United States moves for a default against Chen Han Hsieh and Chunli Tsao. For the reasons set below, **the Motion is granted and denied in part as moot.**

    I.    **BACKGROUND**

On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of the Defendant Funds. (Doc. 11). This case is a civil action *in rem* to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, all funds in any form, previously stored in or accessible via three individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (Doc. 46 at 2).

The Defendant Funds initially consisted of three accounts: all funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #111070305 (Defendant Account A), User ID #68407402 (Defendant Account B), and User ID #152160928 (Defendant Account C). (Doc. 11 ¶ 6). The funds were seized from Binance by the United States Secret Service on or about February 24, 2023; March 1, 2023; March 9, 2023; March 22, 2023; and April 5, 2023, pursuant to Federal seizure warrants after findings of probable cause that the funds constituted proceeds of wire fraud offenses and property involved in money laundering offenses. (Doc. 11 ¶ 7).

Chen Han Hsieh (Claimant Hsieh) is the only person known to have an alleged interest in the funds seized from Defendant Account B, and Chunli Tsao (Claimant

Tsao) is the only person known to have an alleged interest in the funds seized from Defendant Account C. (Doc. 46–1 ¶ 3). On May 17, 2023, notice packages regarding this forfeiture action were emailed to Claimant Hsieh with respect to Defendant Account B, who is associated with the email address f221029231@gmail.com and Claimant Tsao with respect to Defendant Account C, who is associated with the email address wct588888@gmail.com. (Doc. 46–1 ¶ 5). Each notice package included a Notice of Complaint for Forfeiture, Amended Verified Complaint for Forfeiture *In Rem*, Order on Discovery Motions, Warrants of Arrest *In Rem*, and Acknowledgment of Receipt of Notice of Complaint for Forfeiture. (Doc. 46–1 ¶ 5).

Despite notice, Claimant Hsieh did not file a claim with respect to Defendant Account B. (Doc. 46 at 4). On June 22, 2023, and July 12, 2023, respectively, Claimant Tsao filed a claim (Doc. 21), and answer (Doc. 27), with respect to Defendant Account C. On September 20, 2024, the United States and Claimant Tsao executed a Settlement Agreement wherein Claimant Tsao agreed to withdraw her claim and answer contesting the civil judicial forfeiture of the funds seized from Defendant Account C. (Doc. 44 at 4). This resulted in Claimant Tsao's termination from the case (Doc. 45).

The United States published notice of the civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from May 12, 2023, through and including June 10, 2023, as required by Rule G(4)(a)(i) and

(iv)(C)(3), as evidenced by the Declaration of Publication filed with this Court on June 22, 2023. (Doc. 22). Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication.

On April 22, 2024, pursuant to the terms of the Settlement Agreement, Claimant Tsao withdrew her claim (Doc. 44) to Defendant Account C. On March 28, 2025, this Court construed the Stipulated Dismissal as to Defendant Account A (Doc. 37) as a motion to amend and, accordingly, dismissed the Government's claim against the funds previously held in Binance Account Bearing User ID #111070305 (Defendant Account A), and directed the Clerk to terminate Shijie Song as a Claimant in this matter. (Doc. 41).

On April 23, 2025, Plaintiff United States filed the instant Motion.

## II. DISCUSSION

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, when a party against whom judgment is sought has failed to plead or otherwise defend against an action, and that failure is demonstrated, "the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). In forfeiture actions, under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States is only required to send notice to known potential claimants by "means reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A); *see also Mullane v.*

*Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (stating that, to satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Notice of forfeiture proceedings may be sent to the potential claimant or an attorney that represents the potential claimant: 1) with respect to the seizure of the property; 2) in a related investigation; 3) in an administrative forfeiture proceeding; or 4) in a criminal case. Rule G(4)(b)(iii)(B). "Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice." *United States v. Davenport*, 668 F.3d 1316, 1320, 1323 (11th Cir. 2012).

Rule G anticipates that electronic mail may be an acceptable form of notice. *See* Rule G(4)(b)(iv) ("Notice by the following means is sent when it is placed in the mail, delivered to a commercial carrier, or sent by electronic mail."); *see also Twenty-Four Cryptocurrency Accounts*, No. 19-CV-3098 (DLF), 2020 WL 4049914, at *3 (D.D.C. July 20, 2020) ("[E]mail was an appropriate form of notice under these circumstances because the case involves international defendants whose locations are hard to pin down and the nature of the crimes necessarily entails some degree of cyber-proficiency on the part of the Defendant Properties' owners.").

Here, the United States properly noticed Claimant Hsieh with respect to Defendant Account B. Despite notice, Claimant Hsieh did not file a claim. Therefore, the undersigned finds that default is appropriate as to this Claimant.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion (Doc. 46) is **GRANTED in part** as Claimant Hsieh and **DENIED in part as moot** with respect to terminated Claimant Tsao.

2. The Clerk is **DIRECTED** to enter a default against Chen Han Hsieh.

3. Plaintiff is **ORDERED** to file a properly supported motion for entry of final judgment by June 30, 2025.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 28, 2025.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties