**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

    Plaintiff,

v.   Case No. 6:23-cv-710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING USDT OR ANY OTHER CRYPTOCURRENCY OR FIAT PREVIOUSLY STORED IN OR ACCESSIBLE VIA BINANCE ACCOUNT BEARING USER ID #152160928,**

    Defendants.

## UNITED STATES' MOTION FOR DEFAULT JUDGMENT OF FORFEITURE

The United States of America moves, pursuant to Federal Rule of Civil Procedure 55(b) and Middle District of Florida Local Rules 1.10(c), for entry of a Default Judgment of Forfeiture for the following:

> All funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #68407402, herein referred to as "Defendant Account B."

The United States has properly served notice on the only known potential claimants, including Chen Han Hsieh (the Default Claimant). Despite notice, the Default

Claimant has not filed a valid claim to Defendant Account B, and the time for doing so has expired. Therefore, the United States is entitled to a Default Judgment of Forfeiture for Defendant Account B. In support of this motion, the United States submits the following.

## MEMORANDUM OF LAW

**I.    Statement of Facts**

1. On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture *In Rem*, seeking forfeiture of Defendant Account B. Doc. 11. This case is a civil action in rem to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, all funds in any form, previously stored in or accessible via two[1] individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *Id.*

2. As detailed more fully in the United States' Motion for Clerk's Entry of Default (Doc. 46), on May 17, 2023, in accordance with Rule G(4)(b), the United States sent direct written notice of this forfeiture action to the known potential claimant – the Default Claimant. *See* Doc. 46, 46-1 at ¶ 5.

3. The Notice of Complaint for Forfeiture In Rem that was part of the notice package mailed to the claimant advised that, in order to avoid forfeiture of Defendant Account B, any person who asserts an interest in Defendant Account B was required to

---

[1] Although initially an action to forfeit all funds previously stored in or accessible via three individual Binance accounts, on March 28, 2025, this Court dismissed the portion of the Government's complaint as it pertained to Defendant Account A. Doc. 41.

file a verified claim within 35 days of the notice date—here, on or before June 21, 2023—with the Office of the Clerk, United States District Court, Middle District of Florida. The Notice set forth the requirements for the verified claim pursuant to Rule G(5)(a) and advised that "[f]ailure to follow the requirements set forth above may result in judgment by default taken against you for relief demanded in the Complaint." *See* Doc. 46-1 at ¶ 6.

4. The United States published notice of the above-referenced civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days, from May 12, 2023, through and including June 10, 2023, as required by Rule G(4)(a)(i) & (iv)(C)(3), as evidenced by the Declaration of Publication filed with this Court on June 22, 2023. Doc. 22. Pursuant to Rule G(5)(a)(ii)(B), anyone who received notice via publication was required to file a claim no later than 60 days after the first day of publication—here, on or before July 11, 2023. *Id.*

5. Because the Default Claimant failed to file a claim, on April 23, 2025, the United States filed a Motion for Clerk's Default seeking entry of Clerk's Default against the Default Claimant. Doc. 46.

6. Thereafter, on May 28, 2025, the Clerk entered a default against the Default Claimant. Doc. 49.

6. The Default Claimant has failed to file a claim. The time to file a claim or otherwise contest the forfeiture has expired.

II. **Legal Argument**

Local Rule 1.10(c) further provides that "[w]ithin thirty-five days after entry of a default, the party entitled to a default judgment must apply for the default judgment[.]"

*See* Local Rule 1.10(c). Pursuant to Fed. R. Civ. P. 55(b)(2), after obtaining an entry of default from the clerk of the court, the plaintiff in a civil suit may apply to the Court for a default judgment. *See* Fed. R. Civ. P. 55.

Based on the facts, which are more fully set forth in the Amended Verified Complaint, Defendant Account B constitutes proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343. As such, Defendant Account B is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343. In addition, Defendant Account B was involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). As such, Defendant Account B is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as well.

Supplemental Rule G(4)(b)(iii) provides that the Government must send notice of a forfeiture action to potential claimants "by means reasonably calculated to reach the potential claimant." *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (to satisfy due process notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). "Due process does not require that an interested party actually receive notice of the proceedings, nor does it demand that the Government employ the best or most reliable means of ensuring notice." *United States v. Davenport*, 668 F.3d 1316, 1323 (11th Cir. 2012). Reasonable notice requires only that the United States attempt to provide actual notice, it does not require that the United States demonstrate that it was successful in providing actual notice. *Jones v.*

*Flowers*, 547 U.S. 220, 226 (2006) (same); *Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) (same). In *Jones v. Flowers*, the United States Supreme Court held the Government must take additional steps to send notice to a property owner if it is aware that its first attempt to send by notice by certified mail was miscarried. *Jones*, 547 U.S. 220. But the additional steps are not onerous. In *Jones,* the United States Supreme Court held that simply re-sending the notice by first-class mail may be sufficient. *Id.* at 230.

Here, as detailed in the Motion for Clerk's Default (Doc. 46), the United States properly noticed all known and unknown parties. Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to Defendant Account B was required to file a claim no later than 35 days after the direct written notice was sent, or 60 days after the first publication of notice on the official Government website. Federal Rule of Civil Procedure 55 provides that the Clerk must enter a default judgment against any person who has failed to appear to contest a case. For all others, generally, the plaintiff may seek a default judgment from the Court if a case is not contested.

The time periods for contesting this case have expired, and no extensions to these time periods have been requested, consented to, or granted by this Court. No person or entity has filed either a claim or an answer to the complaint for forfeiture or has otherwise appeared or answered in this regard, and the time to do so has expired. Upon information and belief, no person or entity thought to have an interest in Defendant Account B is an infant, incompetent, or presently engaged in military service.

### III. Conclusion

The United States requests that, pursuant to the provisions of Fed. R. Civ. P. 55(b)(2) and Local Rule 1.10(c), the Court enter a Default Judgment of Forfeiture, forfeiting to the United States all right, title and interest in Defendant Account B to the United States.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:   *s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney
Florida Bar No. 0117748
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
Email: Jennifer.Harrington2@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Jennifer M. Harrington*
JENNIFER M. HARRINGTON
Assistant United States Attorney