UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                      Case No. 6:23-cv-710-WWB-EJK

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #111070305,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #68407402,**

**ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #152160928,**

    **Defendants.**

## MOTION FOR JUDGMENT OF FORFEITURE

The United States of America moves the Court pursuant to Federal Rule of Civil Procedure 12(c), Local Rule 3.09(b), 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for a Judgment of Forfeiture for the following:

> All funds in any form, including USDT or any other cryptocurrency or fiat previously stored in or accessible via Binance account bearing User ID #152160928, herein referred to as "Defendant Account C."

In support thereof, the United States submits the following.

**MEMORANDUM OF LAW**

**I.     Statement of Facts**

1. On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture *In Rem*. Doc. 11. This case is a civil action *in rem* to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, all funds in any form, previously stored in or accessible via two[1] individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2. The only persons known to have an alleged interest in Defendant Account C is Chunli Tsao (Claimant Tsao).

3. On June 22, 2023, and July 12, 2023, respectively, Claimant Tsao filed a claim (Doc. 21), and answer (Doc. 27), with respect to Defendant Account C.

4. On September 20, 2024, the United States and Claimant Tsao executed a Settlement Agreement wherein Claimant Tsao agreed withdraw her claim and answer contesting the civil judicial forfeiture of Defendant Account C. Additionally, the United States agreed not to pursue additional avenues to seek the seizure of certain remaining funds in Defendant Account C, based upon or related to the conduct giving rise to the Amended Verified Complaint for Forfeiture *In Rem*. *See* Exhibit A. Pursuant to that agreement, Claimant Tsao withdrew her claim on September April 22, 2025. Doc. 44.

---

[1] Although initially an action to forfeit all funds previously stored in or accessible via three individual Binance accounts, on March 28, 2025, this Court dismissed the portion of the Government's complaint as it pertained to Defendant Account A. Doc. 41.

5. On April 23, 2025, this Court ordered that the claims by Claimant Tsao were dismissed with prejudice. Doc. 45.[2]

6. The United States filed a Declaration of Publication which reflects that notice of this forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on May 12, 2023, pursuant to Supp'l Rule G(4)(a)(iv)(C). Doc. 22.

## II.    Legal Argument

Pursuant to Fed. R. Civ. P. 12(c), after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). Based on the facts, which are more fully set forth in the Amended Verified Complaint, Defendant Account C is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343, and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

As required by Supp'l Rule G(4)(a)(iv)(C), the United States posted notice of this forfeiture on an official government internet website (www.forfeiture.gov) for at least 30 days, beginning May 12, 2023. Under Rule G(5)(a)(ii), a person or entity is required to

---

[2] On April 23, 2025, this Court dismissed the claims by Claimant Tsao and provided that any party had sixty days from the date of the order, to move the Court to enter a stipulated form of final order or judgment, or on good cause shown, to reopen the case for further proceedings. Thus, a party had until Monday, June 23, 2025, for such a filing. Undersigned counsel mistakenly believed that the Court's order at Doc. 45 was an endorsed order, and thus, until today, did not realize that a sixty-day time-period had been prescribed to move for a final order. Undersigned counsel sincerely apologizes for this oversight and for this out-of-time filing for a final order of forfeiture.

3

file a claim to the defendant property within the time stated on the direct written notice, or not later than 60 days after the first date of internet publication. The Warrant of Arrest *in Rem* and the internet publication gave instructions for filing a claim in the form of a Statement of Right or Interest, to be filed with the Office of the Clerk, United States District Court, 401 West Central Boulevard, Suite 1200, Orlando, Florida 32801, within the time prescribed by law.

Claimant Tsao is the only person known to have an interest in Defendant Account C. In accordance with the provisions of Supp'l Rule G(4)(b)(i), Claimant Tsao, received actual notice of this action and was sent a copy of the Amended Verified Complaint. Subsequently, Claimant Tsao executed a Settlement Agreement wherein by agreeing to withdraw her claim, she consented to entry of an order forfeiting Defendant Account C. No other person or entity has filed a claim, and the time for filing such a claim has expired. Thus, it is now appropriate for the Court to enter a Judgment of Forfeiture for the funds seized from Defendant Account C.

### III. Conclusion

The United States respectfully requests that this Court enter a Judgment of Forfeiture, pursuant to Fed. R. Civ. Pro. 12(c), 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions, forfeiting to the United States of America all right, title, and interest in the Defendant Account C for disposition according to law.

        Respectfully Submitted,

        GREGORY W. KEHOE
        United States Attorney

By:   *s/Jennifer M. Harrington*
      JENNIFER M. HARRINGTON
      Assistant United States Attorney
      Florida Bar No. 0117748
      400 W. Washington Street, Suite 3100
      Orlando, Florida 32801
      Telephone: (407) 648-7500
      Facsimile: (407) 648-7643
      Email: Jennifer.Harrington2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

        *s/Jennifer M. Harrington*
        JENNIFER M. HARRINGTON
        Assistant United States Attorney