UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 6:23-cv-710-WWB-EJK

ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #111070305,

ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #68407402,

ALL FUNDS IN ANY FORM, INCLUDING
USDT OR ANY OTHER CRYPTOCURRENCY
OR FIAT PREVIOUSLY STORED IN OR
ACCESSIBLE VIA BINANCE ACCOUNT
BEARING USER ID #152160928,

    Defendants.

### SETTLEMENT AGREEMENT

It is hereby stipulated by and between the plaintiff, the United States, and the Claimant, Chunli Tsao (hereinafter referred to as "Claimant Tsao"), and her attorney, (hereinafter collectively referred to as "the parties"), as follows:

    1.    On April 27, 2023, the United States filed its Amended Verified Complaint for Forfeiture *In Rem*. Doc. 11. This case is a civil action *in rem* to forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, any funds in all form, previously stored in or accessible via three individual Binance accounts on the grounds that the funds are proceeds obtained from wire fraud offenses, in violation of 18 U.S.C. § 1343,

and funds involved in money laundering offenses, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2.  On June 22, 2023, and July 12, 2023, respectively, Claimant Tsao filed a claim (Doc. 21), and answer (Doc. 27), with respect to defendant funds previously stored in Account #152160928 (hereinafter, Defendant Account C).

3.  No other claims and/or answers have been filed in this action as it pertains to Defendant Account C, and pursuant to Rule G(5) of the Supplemental Rules of Certain Admiralty Maritime Claims, Federal Rules of Civil Procedure, the time for filing a claim and answer in this action has passed.

4.  The parties hereby agree to settle and compromise this action on the terms set forth below.

5.  The Claimant agrees to withdraw her claim and answer contesting the civil judicial forfeiture of the above-referenced Defendant Funds, which were seized by the United States Secret Service on December 1, 2022. Specifically, the funds seized by the United States consisted of:

    a.  735,501.294306 USDT;
    b.  1.9978 BTC;
    c.  25.5465267 ETH;
    d.  166,409.9334 NKN; and
    e.  132,633,785.0400 SHIB.

6.  Although the United States was authorized, per a seizure warrant (6:22-mj-2237) to seize the entirety of the funds contained within Defendant Account C, the following cryptocurrency was not seized by the United States and presently remains in Account C:[1]

---

[1] Due to the incompatibility between the United States Secret Service's cryptocurrency wallet and certain types of cryptocurrency, and due to then-nominal values of other types of compatible cryptocurrency, the

  a. 112379518.34100000 SLP;

  b. 25.54772670 ETHW;

  c. 29970000000.00000000 BTTC;

  d. 7522.68182000 DOT;

  e. 289014876.67963900 NFT;

  f. 2003685552.68000000 XEC;

  g. 63.01230000 FIL;

  h. 0.00000036 USDT;

  i. 7.67620000 TRX; and

  j. 0.67126500 FDUSD.

7. By entering this agreement, the United States Attorney's Office for the Middle District of Florida agrees not to pursue additional avenues to seek the seizure of the funds listed above based upon or related to the conduct giving rise to the Amended Verified Complaint for Forfeiture *In Rem*. Further, upon the signing of this agreement, and the withdrawal of Claimant Tsao's claim and answer, the United States will inform Binance that the remaining assets in the account are no longer being pursued by the United States, and may be released to the account holder.

8. Claimant Tsao agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in her individual or official capacity, from any and all claims, which currently exist, or which may arise as a result of the United States' action against the Defendant Funds.

9. The United States and Claimant Tsao agree to bear their own litigation

---

United States was unable to seize the entirety of the account at the time of the execution of the seizure warrant.

expenses, including, but not limited to, attorney fees, in the above-styled civil forfeiture action. Claimant Tsao waives any and all claims or rights that she has or may have pursuant to 28 U.S.C. § 2412 (Equal Access to Justice Act) and 28 U.S.C. § 2466 (Civil Asset Forfeiture Reform Act of 2000) for attorney fees or other costs involving the Defendant Funds, arising out of the criminal investigation, and/or the instant forfeiture action.

10. The United States and Claimant Tsao agree that this Court shall retain jurisdiction to adjudicate any and all matters that may arise between the parties concerning interpretation, execution and application of the terms and conditions of this Agreement.

| COUNSEL FOR CLAIMANT CHUNLI TSAO | UNITED STATES OF AMERICA |
|---|---|
| | ROGER B. HANDBERG<br>United States Attorney |
| By: _____<br>BENJAMIN WEISSMAN, ESQ.<br>FBN: 120770<br>DAVID CHICO LAW GROUP<br>607 Celebration Avenue<br>Celebration, Florida 34747<br>T: 407-933-7703<br>F: 407-933-7713<br>For eService:<br>serve@davidchicolaw.com | By: _____<br>JENNIFER M. HARRINGTON<br>Assistant United States Attorney<br>Florida Bar No. 0117748<br>400 W. Washington Street, Suite 3100<br>Orlando, Florida 32801<br>Telephone: (407) 648-7500<br>Email: Jennifer.Harrington2@usdoj.gov |
| Date: 9/20/24 | Date: September 20, 2024 |
| By: _____<br>CHUNLI TSAO<br>Date: 2024.9.13 | |